IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HIGH OPPORTUNITY NEIGHBORHOOD REALTY, LP d/b/a HIGH OPPORTUNITY NEIGHBORHOOD PARTNERS, <br> *Plaintiff,* <br><br> v. <br><br> PROVIDENCE HOMEOWNERS ASSOCIATION, INC.; DON FISHER; JENNIFER DAUTRICH; DYLAN LAWSON; MELANIE ECKER; and ROLAND CLARKE, <br> *Defendants*. | § § § § § § § § § § § § § § § <br><br> Case No. 4:22-cv-00598 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff High Opportunity Neighborhood Realty, LP, d/b/a High Opportunity Neighborhood Partners ("HON Partners") complains of and alleges the following causes of action against Defendants Providence Homeowners Association, Inc. ("Providence Village HOA"), Don Fisher, Jennifer Dautrich, Dylan Lawson, Melanie Ecker, and Roland Clarke.

### I.  INTRODUCTION

1. The federal Section 8 Housing Choice Voucher program provides a subsidy to landlords willing to rent units to very low income and extremely low-income households with a voucher. The subsidy pays the difference between the contract rent and the amount the voucher households are required to pay which is between 30% and 40% of their income. 42 U.S.C. § 1437f(o).

2. HON Partners provides single family homes for lease in great neighborhoods to Section 8 tenants across the USA. HON Partners owns and rents 21 houses in Providence Village HOA.

Plaintiff's Original Complaint   1

3. Defendant Providence Village HOA executed a Declaration adopting Rental and Leasing Rules (the "Rules"), which included a Section 8 Housing restriction.

4. The Declaration and rules were improperly passed, are improper on their face, have a disparate impact on minorities, violate housing laws, violate property owner association laws, are not reasonably related to resolve any ongoing issue or problem within the community, are vague and arbitrary, and tortuously interfere with current and prospective business of Plaintiff.

5. Upon inquiry Plaintiffs were informed that each of the following members who were board members at the time participated in the scheme to pass the Rules. Because these members exceeded their authority, conspired to violate the law together, and acted in less than good faith, they are being sued individually: Don Fisher, Jennifer Dautrich, Dylan Lawson, Melanie Ecker, and Roland Clarke.

## II. PARTIES

6. Plaintiff High Opportunity Neighborhood Partners is a Texas limited partnership that may be serve via its attorneys of record.

7. Defendant Providence Homeowners Association, Inc. is a Texas corporation, which may be served by serving its registered agent, FirstService Residential Texas, Inc., located at 14951 North Dallas Parkway, Suite 600, Dallas, Texas 75254.

8. Defendant Don Fisher is an individual who may be served with process at his residence located at 15501 Piedmont Park Dr, Prosper, Texas 75078.

9. Defendant Jennifer Dautrich is an individual who may be served with process at his residence located at 1708 Murphy Court, Aubrey, Texas 76227.

10. Defendant Dylan Lawson is an individual who may be served with process at his residence located at 2024 Dr. Sanders Road, Aubrey, Texas 76227.

11. Defendant Melanie Ecker is an individual who may be served with process at her residence located at 1370 Providence Blvd., Providence Village, Texas 76227.

12. Defendant Roland Clarke is an individual who may be served with process at his residence located at 1211 Bristol Lane, Providence Village, Texas 76227.

### III. JURISDICTION

13. The Court has subject-matter jurisdiction over the lawsuit pursuant to 42 U.S.C. § 3613(a)(1)(A) and 28 U.S.C. § 1331.  The Court has personal jurisdiction over the Defendants as they are residents of, or doing business in, Texas.

### IV. VENUE

14. Venue is proper in this district because the alleged unlawful housing practice was committed in this district in this state. Additionally, one or more of the Defendants reside in Denton County.

### V. FACTS

15. HON Partners owns property which is part of the Providence Village HOA. About 2,200 homes are part of the association.

16. On June 1, 2022, Jennifer Dautrich signed and subsequently recorded in the real property records of Denton County, Texas, a Declaration adopting Rental and Leasing Rules (the "Rules") attached hereto as Exhibit A.

17. Specifically, the Rules limit the amount of rent houses a person may have in the HOA at a time and prohibits rent houses to be used for publicly financed or subsidized housing programs, such as Section 8 Housing. Owners violating the Rules may be fined at the discretion of the Board the amounts set forth below:

| Violation | Fine Amount |
| --- | --- |
| Failure to Register | $300 per week |

| Unauthorized Rental | $300 per week |
| All Other Violations | $50 First Fines |
| All Other Violations | $100 Subsequent Fines |

18. The Rules provide several recitations but fail to mention or elucidate any necessity or reason as to why the Rule changes were necessary. The recitations do not state any reason as to why there is a need for, or the desirability for the extensive prohibition against persons seeking Section 8 Housing. The recitations do not mention the need or desirability of a cap on the number of rental properties. The recitations do not mention the need or relationship of the fines or penalties or the relationship between the projected harm and the fine or penalty imposed.

19. The Board told its HOA members that all Section 8 tenants would be able to complete their lease and would not be immediately evicted. HOA members elected to give the Board the authority to make the rules by amending the neighborhood covenants based on that assumption. A draft of the proposed rule changes was presented to HOA members before they were asked to vote to give the board authority to impose rental restrictions. The final version of the Rules does not represent what was initially presented to the HOA members.

20. The Rules were never shared with members to review prior to the vote of the Board, and the notice for that meeting was not sufficiently specific to provide adequate notice of the changes contemplated.

21. In fact, the evidence suggests that the individual Defendants decided what they wanted to do and engaged in actions and conduct far in advance of the purported voted in furtherance of their scheme, all the while suppressing their intended acts from the HOA members.

22. Plaintiff's Section 8 housing voucher tenants are predominantly African American or Black families.

23. The Section 8 housing voucher program is a subsidy provided by the United States to landlords who are willing to rent dwelling units to low-income households. The subsidy from the program given to the landlords pays the difference between the rental amount and the amount that the voucher household is required to pay under the Section 8 housing voucher program, which ranges from 30% to 40% of the household's income.

24. African American or Black families are the largest demographic group in the Denton area that participate in the Section 8 housing voucher program. According to the Denton Housing Authority, there are 81 families on Section 8 in Providence Village: 91% are black and 4% are Hispanic; 30% include a person with a disability; 2% percent are elderly; and one is a military veteran.

25. The Rules are racist and discriminates against tenants who are minorities. Because most voucher tenants are Black, Defendants view voucher tenants are undesirable as tenants and that the exclusion of voucher households makes the complex a more desirable place for White non-Hispanic tenants to live.

26. When the Board was asked for clarification on the implementation of both the rule limiting the number of rental houses an owner may have at a time and the rule prohibiting rent houses to be used for publicly financed or subsidized housing programs, such as Section 8 Housing, the Board responded as follows:



**Providence Rental Rules FAQ**

Question – I am in investor and currently owns more than 1 house. Per the new rental rules there can only be one rental per owner. Do I have to sell my houses or are they grandfathered in?

Answer – No, you do not have to sell your homes. Any current owner renting out homes over the 1 home limit, that are not publicly financed or a subsidized housing program such as Section 8, may continue to rent their homes provided each home is registered and the registration fee is paid. Additionally, no additional homes may be purchased by this owner.

Question – I own Section 8 housing. How will this be enforced?

Answer – Per the new Rental and Leasing rules, publicly financed or subsidized housing programs such as Section 8 are not allowed. Per the new policy, a fine of $300 per week will be assessed until the home is no longer a part of any publicly financed or subsidized housing program. Each owner will receive a standard violation notice, sent regular and certified, notifying them of this violation. After the 30-day notice expires, then fines would begin to be levied.

27. Thus, the rule limiting one rental per owner would not be applied to current owners but the ban on Section 8 housing would be enforce immediately. That is prima facie evidence of disparate treatment.

28. By arbitrarily limiting opportunities to rent to minorities the Rules, adversely affect minorities and limit minority access to homes in the neighborhood. The Rules are therefore improper under Federal Fair Housing Act. 42 U.S.C. 3604.

29. Furthermore, Landlords must meet additional requirements to evict tenants from federally subsidized housing or terminate a Section 8 voucher. 24 C.F.R. § 982.310. Permissible grounds for eviction include serious lease violations, nonpayment or the tenant being convicted of certain crimes, along with a handful of other specific grounds.

30. Even with just cause, landlords must give tenants 90 days' notice of eviction, according to federal rules. 49 C.F.R. § 24.203(c).

31. Furthermore, if tenants want to voluntarily move but remain part of the voucher program, they must get relocation approval from their local housing authority. Move requests are typically not approved if a tenant is under a current lease or within an initial 12-month lease term.

32. After several negative news reports, Providence Village HOA issued an announcement on June 15 announcement that it would begin enforcement 90 days after the Rules were recorded with the county. Landlords with voucher tenants would then have 30 days to comply after receiving notice of violation.

33. "The Providence Homeowners Association has learned that we not only have voucher recipients from Denton County but Dallas County as well, making the total residents on Section 8 subsidized housing almost double the amount previously anticipated," the announcement read. "Considering this new information, the Board [of Directors] has agreed to allow all Section 8 tenants with a current existing lease dated on or before June 15, 2022, and not to exceed a 12-month lease term, the ability to finish out their leases."

34. Despite this extension, Plaintiff has Section 8 tenants with current leases expiring July 31, 2022, and months following. Therefore, Plaintiff must still evict these tenants under the Rules and thus, will still be irreparably harmed by the implementation of the Rules with the added extension.

35. Providence Village HOA's ban on Section 8 leases also has destructive economic effect on the value of Plaintiff's properties. By forcing out Section 8 homes from its community and forcing Section 8 landlords to exit at the same time, Providence Village HOA is driving down the prices of Plaintiff's Section 8 houses. Ultimately, Plaintiff will likely be forced to sell its Section 8 homes at these lower prices.

## VI.   CAUSES OF ACTION

**1.   Violations of the Fair Housing Act**

36. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

37. An "aggrieved person" includes any person who claims to have been injured by a discriminatory housing practice; or believes that such person will be injured by a discriminatory housing practice that is about to occur. 42 U.S.C.A. § 3602(i).

38. Defendants have engaged in practices including adopting rules which are discriminatory in their practice or will be in their practical application.

39. The Rules have a disparate impact on minorities.

40. Defendants' conduct threatens to impose irreparable harm on Plaintiff.

41. Plaintiff has been or believe they will be injured by the discriminatory rules.

42. Enjoining Defendant from continuing to prohibit Section 8 housing will impose no hardship on Defendant and will not disserve the public interest, but rather will serve that interest. Plaintiff has no adequate remedy at law to address the irreparable harm with which she is threatened.

**2.       Declaratory Judgment**

43.     Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

44.     The Rules were passed in contravention of the By-Laws of the Providence Village HOA and Texas and Federal Law, have a disparate impact on minorities, violate housing laws, violate property owner association laws, are not reasonably related to resolve any ongoing issue or problem within the community, are vague and arbitrary, and tortuously interfere with current and prospective business of Plaintiff.

45.     Plaintiff sues for a declaratory judgment that the Rules are without effect and are rescinded.

**3.       Tortious Interference with Current and Prospective Contracts**

46.     Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

47.     Plaintiff has leases and will seek leases in the Providence HOA.

48.     Defendants have greatly decreased the desirability and value of any of Plaintiff's houses for rent.

49.     There are existing contracts which are subject to these Rules.

50.     Defendants have engaged in willful and intentional acts of interference, and Defendants' intentional acts of interference are a proximate cause of actual damages to Plaintiff.

51.     There is also a reasonable probability that Plaintiff would have entered into the prospective relationships or contract by leasing Section 8 housing.

52.     Defendants' efforts are independently tortious or wrongful acts designed to prevent the relationships from occurring.

53. Defendants did such act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of their conduct.

54. Plaintiff suffered actual harm or damage as a result of the Defendants' interference.

**4.  Negligence**

55. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

56. Defendants owed Plaintiff, as an HOA member, a duty to not pass rules and regulations that were arbitrary, capricious, or which violated state and federal laws, and which were not discriminatory or vague.

57. Texas recognizes that a corporation's Board members serve in a position of trust and Texas law imposes a fiduciary duty on HOA Boards.

58. The duties of the individual board members and board as a collective to the HOA members is a high standard.

59. The Board members failed to seek or even consider the desires of the members before passing the Rules.

60. The Board crafted the Rules without any findings or conclusions supporting their passage.

61. The Board developed Rules with fines that are excessive and not reasonable.

62. The Board devalued the desirability and profitability of Plaintiff's properties.

63. Defendants owed Plaintiff a duty to act as a reasonable homeowners' board would.

64. As set forth herein, Defendants violated that duty many times over and proximately caused Plaintiff damages.

### 5. Breach of Fiduciary Duty

65. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

66. Texas recognizes that a corporation's Board members serve in a position of trust and Texas law imposes a fiduciary duty on HOA Boards.

67. The duties of the individual board members and board as a collective to the HOA members is a high standard.

68. The Board members failed to seek or even consider the desires of the members before passing the Rules.

69. The Board crafted the Rules without any findings or conclusions supporting their passage.

70. The Board developed Rules with fines that are excessive and not reasonable.

71. The Board devalued the desirability and profitability of Plaintiff's properties.

72. Defendants owed Plaintiff a duty to act with a high standard to the interests of the Plaintiff.

73. As set forth herein, Defendants violated that duty many times over and proximately caused Plaintiff damages.

### 6. Common Law Civil Conspiracy

74. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

75. Defendants desired to accomplish an unlawful purpose or a lawful purpose by unlawful means; had a meeting of minds on the object or course of action; and committed one or more unlawful, overt acts; and Plaintiff suffered damages as a proximate result.

**7.      Temporary & Permanent Injunction**

76.     The Court has jurisdiction to enter injunctive relief. 42 U.S.C. § 3613(c).

77.     Plaintiff seeks a temporary injunction preventing the application or enforcement of the Rules during the pendency of this litigation, and a permanent injunction after a declaration that the Rules are invalid and unenforceable.

**8.      Attorneys' Fees**

78.     Plaintiff sues for reasonable attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2) and under Chapter 37 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.

## VII.   JURY DEMAND

79.     Plaintiff hereby requests a jury trial.

## VIII.  PRAYER

WHEREFORE, Plaintiffs prays that the Court enter an ORDER, after appropriate proceedings:

a.     Preliminarily, and ultimately permanently, enjoining Defendants from enforcing the Rules;

b.     Awarding judgment against Defendants, jointly and severally, for the relief requested herein;

c.     Awarding attorney fees and costs, pursuant to the Fair Housing Act, 42 U.S.C. § 3613(c)(2), and the Texas Civil Practice and Remedies Code; and

d.     Awarding all other relief to which Plaintiffs are entitled both in equity and at law.

Plaintiff further prays for such additional relief as the interests of justice may require.

Dated: July 15, 2022.                                   Respectfully submitted,

                                               **STECKLER WAYNE CHERRY & LOVE PLLC**

*/s/ Bruce W. Steckler*
Bruce W. Steckler
Texas Bar I.D. 00785039
Bruce@swclaw.com
Austin P. Smith
Texas Bar I.D. 24102506
Austin@swclaw.com
12720 Hillcrest Road, Suite 1045
Dallas, TX  75230
T:  972-387-4040
F:  972-387-4041

**ATTORNEYS FOR PLAINTIFF**