IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HIGH OPPORTUNITY § <br> NEIGHBORHOOD REALTY, LP D/B/A § <br> HIGH OPPORTUNITY § <br> NEIGHBORHOOD PARTNERS § <br> § <br> VS. § <br> § <br> PROVIDENCE HOMEOWNERS § <br> ASSOCIATION, INC., DON FISHER, § <br> JENNIFER DAUTRICH, DYLAN § <br> LAWSON, MELANIE ECKER, AND § <br> ROLAND CLARKE § | CIVIL ACTION NO: 4:22-CV-00598 |

**STIPULATION AND AGREED PROTECTIVE ORDER**

  IT IS HEREBY STIPULATED by and between the parties to Civil Action 4:22-CV-00598; *High Opportunity Neighborhood Realty, LP d/b/a High Opportunity Neighborhood Partners, vs. Providence Homeowners Association, Inc., et al,* In the United States District Court of Texas, Sherman Division (hereinafter "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of certain documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

  a. "Proceeding" means the above-entitled proceeding, Civil Action 4:22-CV-00598; *High Opportunity Neighborhood Realty, LP d/b/a High Opportunity Neighborhood Partners, vs. Providence Homeowners Association, Inc., et al,* In the United States District Court of Texas, Sherman Division.

  b. "Court" means the Hon. Judge Amos L. Mazzant, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

  c. "Plaintiff" or "HON" shall mean High Opportunity Neighborhood Realty, LP d/b/a High Opportunity Neighborhood Partners, the named plaintiff in the Proceeding, its assigns, agents, officers, directors, attorneys, and/or representatives acting upon its behalf.

  d. "Defendants" shall mean Providence Homeowners Association, Jennifer Dautrich, Dylan Lawson, Melanie Ecker, and Roland Clarke, the named Defendants in the Proceedings, their agents, assigns, attorneys, and/or representatives acting upon their behalf.

  e. "Unredacted Facebook Postings" shall mean the documents previously produced by Defendants in redacted form in response to Plaintiff's Request for Production No. 1, including postings from the following Facebook pages: Providence Village Water Cooler (Rarely Censored); TMZ Live of Providence Village UnCensored!!; Providence Village: The Good, The Bad & The Ugly; Providence Village: The Good, The Bad & The Ugly [Private Group for Residents]; Unofficial PHOA Water Cooler; Providence HOA Fact Sheet; Providence Village Neighborhood Watch; Aubrey Police Department; The Real Housewives of Providence Village; Providence Village Texas Homeowners Group; The Unofficial Official Providence Village Water Cooler; Providence Village Water Kooler; Providence Village OnlyResidents; and Providence Village Water Cooler Townies(Fair Admins).

  f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

  g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the Texas Rules of Civil Procedure, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

  h. "Information" means the content of Documents or Testimony.

  i. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2. Access to and/or Disclosure of the Unredacted Facebook Postings shall be permitted only to the following persons or entities:

  a. Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Unredacted Facebook Postings be Disclosed for purposes of this Proceeding.  Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

  b. In-house counsel to the undersigned Party corporation and the paralegal, clerical and secretarial staff employed by such counsel to whom it is necessary that the Unredacted Facebook Postings be Disclosed for purposes of this Proceeding.  Provided, however, that each non-lawyer given access to Unredacted Facebook Postings shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms.

      c.      the Parties' insurers;

      d.      outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of the Unredacted Facebook Postings to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as **Exhibit A** prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of Trial Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify Counsel for the Defendants of such breach or threatened breach;

      e.      any person who authored, received, saw or was otherwise familiar with Documents, Testimony, or Information in the Unredacted Facebook Postings, including any person otherwise familiar with the Unredacted Facebook Postings contained therein, but only to the extent of that person's prior familiarity with the Unredacted Facebook Postings;

      f.      court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding); and

      g.      the Court.

      h.      any other person or entity that the Defendants agree to in writing.

3.      Unredacted Facebook Postings shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding only, and not for any business or other purpose whatsoever. Such materials and information derived therefrom may not be made public or filed publicly without the written authorization of the Defendants or an order of the Court.

4.      Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

5.      Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

      a.      prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

            i.      to seek a determination by the Court of whether any particular document and/or information contained within the Unredacted Facebook Postings should be subject to protection under the terms of this Stipulation and Protective Order; or

      ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

  6. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

  7. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Documents and Information within the Unredacted Facebook Postings require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

  8. If, after execution of this Stipulation and Protective Order, any Documents and Information contained in the Unredacted Facebook Postings submitted by Defendants under the terms of this Stipulation and Protective Order are Disclosed by any person or entity other than in the manner authorized by this Stipulation and Protective Order, the person or entity responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Documents and Information to the immediate attention of the Defendants.

  9. This Stipulation and Protective Order is entered into without prejudice to the right of Defendants to knowingly waive the applicability of this Stipulation and Protective Order to any portion of the Unredacted Facebook Postings.

  10. Where any Unredacted Facebook Postings, or Information derived therefrom, is included in any motion or other proceeding governed by Federal Rules of Civil Procedure, and the Local Rules for this Court's Local Rule, the Parties and any involved non-party shall follow those rules. With respect to discovery motions or other proceedings not governed by Federal Rules of Civil Procedure, and this Court's Local Rules, the following shall apply: If Unredacted Facebook Postings, or Information derived therefrom are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

  11. The Parties shall meet and confer regarding the procedures for use of any Unredacted Facebook Postings or information derived therefrom at trial and shall move the Court for entry of an appropriate order.

  12. Nothing in this Stipulation and Protective Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any of the Unredacted Facebook Postings.

13. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Defendants or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

14. Upon written request made within thirty (30) days after the settlement or other final termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for the Defendants all Unredacted Facebook Postings, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Defendants upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

15. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Unredacted Facebook Postings that have been produced before the Court signs this Stipulation and Protective Order.

16. The Parties and all signatories to the Certification attached hereto as **Exhibit A** agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Unredacted Facebook Postings under the terms herein.

17. This Stipulation and Protective Order may be executed in counterparts.

**IT IS SO ORDERED.**
**SIGNED this 31st day of July, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **HIGH OPPORTUNITY** | § | |
| **NEIGHBORHOOD REALTY, LP D/B/A** | § | |
| **HIGH OPPORTUNITY** | § | |
| **NEIGHBORHOOD PARTNERS** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO: 4:22-CV-00598** |
| | § | |
| **PROVIDENCE HOMEOWNERS** | § | |
| **ASSOCIATION, INC., DON FISHER,** | § | |
| **JENNIFER DAUTRICH, DYLAN** | § | |
| **LAWSON, MELANIE ECKER, AND** | § | |
| **ROLAND CLARKE** | § | |

## EXHIBIT A TO STIPULATION AND AGREED PROTECTIVE ORDER

I have been designated by _____ as a person who may have access to Unredacted Facebook Postings as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information covered under the Order. I agree not to copy the documents or information designated as Unredacted Facebook Postings and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view the Unredacted Facebook Postings, unless I am a court reporter, litigation support staff or a litigation vendor representative retained in connection with this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 20__.

_____
Name

_____
Address

_____
Employer

_____
Job Title

125876373.1